IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DARREN ANDERSON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cv-951-MEF |
| | ) | |
| **WAYNE FARMS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| **AMOS AKINGS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:07-cv-297-MEF |
| | ) | |
| **WAYNE FARMS, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO CONSOLIDATE AND APPOINT LEAD COUNSEL

1.     Pursuant to Rule 42(a), defendant Wayne Farms LLC moves the Court to consolidate for all purposes this case and *Amos Akings, et al. v. Wayne Farms LLC*, Civil Action No. 2:07-cv-297-MEF. Wayne Farms also moves the Court to designate a lead plaintiffs' counsel. Neither the *Anderson* plaintiffs nor the *Akings* plaintiffs oppose this motion.

2.     Plaintiffs in this case, *Darren Anderson*, and those in *Amos Akings* are alleged employees or former employees (collectively, "employees") at Wayne Farms' Union Springs, Alabama facility. All of them allege claims under the Fair Labors Standard Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

3.     Both cases have questions of law and fact in common. Discovery and evidence are likely to be the same for both cases. For these reasons, both cases should proceed as one.

180721.1

## I. BACKGROUND

4. The legal claims in the two cases are that Wayne Farms compensated certain processing employees using a "master card" or "line time" method of recording hours worked. Under this method, certain processing employees allegedly were paid only for the running time of the lines to which they were assigned. Consequently, the claims in both cases are that the plaintiffs were unlawfully deprived of FLSA-mandated overtime compensation[1] for work they did each work day before their lines started running and after their lines stopped running. Wayne Farms denies these alleges and denies that plaintiffs are entitled to relief.

5. Discovery and the trial of the two cases will focus on evidence of the (a) work hours and pay of the same job classifications at (b) the Union Springs plant during (c) the same time period. That evidence will be obtained from the same records custodians and from the same fact witnesses.

## II. APPLICABLE LAW AND ARGUMENT

6. Whether to consolidate related civil actions is a decision about judicial economy and management, committed to the Court's sound discretion. 9 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2nd § 2383 (West 1995); *Hendrix v. Raybestos-Manhattan*, 776 F.2d 1492, 1495 (11th Cir. 1985). Rule 42(a) imposes only one condition expressly, that "actions involving a common question of law or fact are pending before the court. . . ." That is abundantly true here.

---

[1] The FLSA requires that covered employers pay non-exempt employees at least the federal hourly minimum wage prescribed by Congress for each hour worked and that they pay non-exempt employees an overtime premium rate for each hour worked over 40 in each work week. Since the plaintiffs were paid about twice the minimum wage rate, these suits will be about overtime compensation, with plaintiffs contending that the daily minutes allegedly ignored by Wayne Farms pushed the claimants over the 40 hour overtime rate threshold for the weeks in question.

7. Considerations often cited as weighing against consolidation include that one case is far ahead of the other,[2] that the common issues are not the predominant issues[3], and that consolidation will delay or confuse resolution of the claims.[4] These considerations are not applicable in these cases. Both cases are at their earliest stages. All significant issues are common issues. And it is failure to consolidate, rather than consolidation, that will cause confusion and force delay of the claims' resolution.

8. If the cases are not consolidated under the aegis of a designated lead counsel, Wayne Farms will be compelled to wrongly spend limited time and money to do twice everything required to resolve these claims - double initial disclosures, double scheduling conferences and orders, double depositions of the same witnesses, double expert designations and disclosures, double written discovery responses, double motions, pretrial and settlement conferences, double trials and, should the plaintiffs prevail, responsibility for attorney fees that are at least in part duplicative.

9. Appointment of lead counsel is among the actions authorized by Rule 42(a)'s grant of power to "make such orders concerning proceedings therein as may tend to avoid

---

[2] This need not defeat an otherwise appropriate consolidation motion. *See Monzo v. American Airlines, Inc.*, 94 F.R.D. 672 (S.D. N.Y. 1982).

[3] *See Shumate & Co., Inc. v. Nat'l Ass'n of Securities Dealers*, 509 F.2d 147, 155 (5th Cir. 1975), *cert. denied*, 423 U.S. 868, 96 S.Ct. 131, 46 L.Ed.2d 97 (1975). In *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit "adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981." *Hendrix*, 777 F.2d at 1495.

[4] 9 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2nd § 2383 n.9 (West 1995).

unnecessary costs or delay."[5]  The appointment requested here is precisely that described in the MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221:

> Lead counsel. Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

10.  Wayne Farms takes no position here about who should be lead plaintiffs' counsel. Wayne Farms' interest is to know with whom it may coordinate and dispute pretrial matters.

11.  A copy of this motion has been served on counsel for the *Akings* plaintiffs.

### III.  CONCLUSION

12.  Consolidation and designation of lead counsel will facilitate relatively prompt and efficient resolution of the legal and factual issues common to these two suits, without undue prejudice to any claimant in either action.  These actions are permitted by Rule 42(a) and, more to the point, constitute prudent judicial management, for which reason they are requested.

13.  For these reasons, Wayne Farms LLC asks the Court to consolidate this case with *Amos Akings, et al. v. Wayne Farms LLC*, for all purposes, including trial, and to appoint lead counsel for plaintiffs.

Respectfully submitted on May 8, 2007.

s/Dorman Walker
One of counsel for Wayne Farms, LLC

---

[5] 9 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2ND § 2384 n.2 (West 1995); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.22.

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101
334/269-3138
334/269-3115 (fax)

Lisa J. Sharp (SHA035)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL  35201
205/251-8100
205/488-5708 (fax)

180721.1                                         5

R. Pepper Crutcher
Balch & Bingham LLP
401 East Capitol Street
Suite 200
Jackson, MS  39201
601/961-9900
601/961-4466 (fax)

## CERTIFICATE OF SERVICE

I certify that on May 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Lance H. Swanner
Samuel A. Cherry, Jr.
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
Post Office Box 927
Dothan, Alabama  36301

Robert J. Camp
Bernard D. Nomberg
The Cochran Firm, P.C.
505 North 20th Street, Suite 825
Birmingham, AL 35203

Roman A. Shaul
Wilson Daniel Miles, III
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL  36103-4160

                                                s/Dorman Walker
                                                Of Counsel